JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Richard Wells
9 Howard Street
Carneys Point, NJ 08069

**(b)** County of Residence of First Listed Plaintiff  **Salem County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas Bruno, II, Esquire, Abramson & Denenberg, PC
1315 Walnut Street - 12th Floor
Philadelphia, PA 19107          215-546-1345 ext 103

**DEFENDANTS**
Superintendent Colonel Rick Fuentes, NJ Office of the Attorney General, Dept of Public Safety, PO Box 7068
West Trenton, NJ

County of Residence of First Listed Defendant  **Mercer County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fourth Amendment United States Constitution and Article i. Paragraph 7 of the New Jersey Constitution
Brief description of cause:
Defendant Officers used excessive force in encountering Plaintiff

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE  7-16-2012
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ABRAMSON & DENENBERG, P.C.
BY: TOM BRUNO, ESQUIRE
1315 WALNUT ST., 12TH FLOOOR
PHILADELPHIA, PA 19107
215-546-1345                                                    ATTORNEY FOR PLAINTIFF'

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD WELLS<br>9 HOWARD STREET<br>CARNEYS POINT, NJ<br>    Plaintiff<br><br>v.<br><br>SUPERINTENDENT<br>COLONEL RICK FUENTES<br>NEW JERSY OFFICE OF THE<br>ATTORNEY GENERAL<br>DEPT. OF PUBLIC SAFETY<br>P.O. BOX 7068<br>WEST TRENTON, NJ  08628<br>        and<br>NEW JERSEY STATE<br>TROOPER ANTHONY<br>P.O. BOX 7068<br>WEST TRENTON, NJ  08628<br>        and<br>NEW JERSEY STATE<br>TROOPER JOHN DOE<br>P.O. BOX 7068<br>WEST TRENTON, NJ  08628<br>    Defendants | CIVIL ACTION<br>No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Richard Wells, is an adult, African American citizen of the State of New Jersey residing as Captioned.

2. At all material times, Defendant, Colonel Rick Fuentes, was the acting

Superintendent of the New Jersey State Police. Defendant, Colonel Rick Fuentes, is being sued both individually and in his official capacity as an officer, agent, and/or employee of the State of New Jersey.

3. Defendant, Colonel Rick Fuentes, has final decision making authority over the policy and practices of the New Jersey State Police, including, but not limited to, the policy/practice of the New Jersey State Troopers, including Defendants, Troopers Anthony and John Doe, regarding the use of force on arrestees, and more specifically the use of force by tightly and painfully handcuffing arrestees for prolonged periods of time.

4. Defendants, Troopers Anthony and John Doe, were at all material times officers with the New Jersey State Police. Troopers Anthony and John Doe are being sued both individually and in his official capacity as an officer, agent, and/or employee of the defendant, New Jersey State Police.

5. Defendants, Troopers Anthony and John Doe, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the New Jersey State Troopers and their Superintendent, Defendant, Colonel Rick Fuentes.

6. This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

7. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in and around the area of Route 295 South, in Mt. Laurel, New Jersey, which is in the District of New Jersey, Camden Vicinage.

8. On July 17, 2010, at 11:45 am, the Plaintiff, Richard Wells, was traveling South on Route 295 in Mount Laurel, New Jersey.

9. At that time and place, the Plaintiff was pulled over by Defendant, New Jersey State Trooper Anthony, for speeding.

10. After being pulled over for speeding, Defendant, Trooper Anthony, ran the Plaintiff's name and discovered that there was an outstanding bench warrant for the Plaintiff dating back to 1994.

11. The bench warrant related to a 1994 charge for disorderly conduct for which the Plaintiff still owed $129.00 in court costs.

12. The 1994 charges against the Plaintiff had been dismissed, and shortly thereafter the Plaintiff had joined the military and was stationed on the West Coast, and unaware of the fact that he still owed the court cost for the case.

13. Defendant, Trooper Anthony, contacted the Willingboro Police Department regarding the warrant, and was told to bring the Plaintiff in.

14. Defendant, Trooper Anthony, then placed the Plaintiff in handcuffs and placed him in the back of his patrol car.

15. The Plaintiff immediately began complaining to Trooper Anthony that the handcuffs were too tight, and were cutting off his circulation and causing severe pain.

16. Plaintiff complained to Trooper Anthony repeatedly about the handcuffs being too tight to no avail.

17. Defendant, Trooper Anthony ignored the Plaintiff's repeated pleas that the handcuffs were too tight and repeated pleas to loosen them and even refused to check to see if the handcuffs were too tight.

18. While Plaintiff was waiting in the back of Trooper Anthony's patrol car in excruciating pain, Defendant, Trooper John Doe, arrived on the scene to take the Plaintiff's information.

19. The Plaintiff also repeatedly complained to Trooper John Doe that the handcuffs were too tight and that they were causing him excruciating pain to no avail.

20. After taking down the Plaintiff's information, Trooper John Doe left the scene without checking to see if the Plaintiff's handcuffs were too tight or making any effort to loosen them.

21. The Plaintiff was then escorted to the Willingboro Police Station, where he was met by Patrolman R. Burgess of the Willingboro Police Department.

22. The Plaintiff complained to Patrolman Burgess about the handcuffs being too tight, and he took one look at the Plaintiff's swollen and discolored wrists and immediately loosened the handcuffs.

23. The excessively tight handcuffs had remained on the Plaintiff's wrists for approximately forty-five minutes before Patrolman Burgess loosened them.

24. Defendants, Troopers Anthony and John Doe, knew the handcuffs were too tight and causing the Plaintiff's wrists to become swollen and discolored and were causing the Plaintiff excruciating pain but did nothing to alleviate the Plaintiff's condition but instead ignored the Plaintiff's repeated pleas to loosen the handcuffs.

25. Defendants, Troopers Anthony and John Doe, violated the Plaintiff's right to be free from excessive force under the Fourth Amendment of the United States Constitution Constitution and Article I, paragraph 7 of the New Jersey Constitution by applying the handcuffs too tightly and then leaving them on the Plaintiff for approximately forty-five

minutes despite the Plaintiff's repeated pleas that they were too tight and causing him severe pain.

26. As the direct and proximate result of being tightly handcuffed for approximately forty-five minutes by defendant, Troopers Anthony and John Doe, the Plaintiff suffered permanent injury to both of his wrists and hands and has been forced to undergo medical treatment and therapy.

27. As a direct and proximate result of the aforementioned acts and conduct of the defendants, Troopers Anthony and John Doe, the Plaintiff sustained emotional and psychological injuries; some or all of which the Plaintiffs has been advised may be permanent in nature.

28. As a direct and proximate result of the aforementioned actions of the defendants, Troopers Anthony and John Doe, the Plaintiff suffered disability, humiliation, loss of reputation, loss of enjoyment of life, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to their great detriment and loss.

29. As a direct and proximate result of the aforementioned actions of the defendants, Troopers Anthony and John Doe, the Plaintiff has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to their great detriment and loss.

### COUNT I
### FOURTH AMENDENT OF UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION
### EXCESSIVE FORCE
### PLAINTIFF v. TROOPER ANTHONY

30. Paragraphs 1 through 29 are incorporated herein by reference, as though each were fully set forth herein at length.

31. As aforesaid, defendant, Trooper Anthony, acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies, and practices of New Jersey State Police deprived Plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the State of New Jersey and the United States; in particular, the right to be free from the use of excessive force; which actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

32. As aforesaid, defendant, Trooper Anthony, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and practices of the Township of Hamilton Police Department, intentionally and maliciously humiliated, threatened, accused and insulted, Plaintiff, and used his position of authority, illegally and improperly to punish the Plaintiff, by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey and were in violation of 42 U.S.C. §1983.

33. As aforesaid, defendant, Trooper Anthony, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and practices of the New Jersey State Troopers, intentionally and maliciously assaulted and battered Plaintiff, and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New

Jersey, the laws of the United States and of the State of New Jersey and were in violation of 42 U.S.C. §1983.

34. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendant, Trooper Anthony, the Plaintiff suffered injuries that are described above.

35. The above-described actions of the defendant, Trooper Anthony, in his individual capacity, was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C.§§1983 and 1988, and the New Jersey Constitution, Plaintiff, Richard Wells, demands compensatory and punitive damages against defendant, Trooper Anthony, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT II**
**FOURTH AMENDENT OF UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION**
**BYSTANDER LIABILITY**
**PLAINTIFF v. TROOPER JOHN DOE**

36. Paragraphs 1 through 35 are incorporated herein by reference, as fully as though each were set forth herein at length.

37. Defendant, Trooper John Doe, was present when the Plaintiff's constitutional rights were violated by the use of excessive force.

38. Defendant, Trooper John Doe, knew or had reason to know that the tight handcuffing of the Plaintiff, and refusal to loosen the handcuffs, constituted excessive force in violation of the Plaintiff's rights under the United States and New Jersey Constitutions.

39. Defendant, Trooper John Doe, had a realistic opportunity to intervene and prevent the violation of the Plaintiff's constitutional rights but failed to do so.

40. Defendant, Trooper John Doe, maliciously, intentionally, recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of Trooper Anthony, resulting in Plaintiff sustaining the injuries as set forth above.

WHEREFORE, pursuant to 42 U.S.C.§§1983 and 1988, and the New Jersey Constitution, Plaintiff, Richard Wells, demands compensatory and punitive damages against defendant, Trooper John Doe, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT III
### PATTERN, POLICY, CUSTOM AND PRACTICE
### PLAINTIFF VS. SUPERINTENDENT OF NEW JERSEY STATE POLICE, COLONEL RICK FUENTES

41. Paragraphs 1 through 40 are incorporated herein by reference, as though each by reference, as fully as though each were set forth herein at length.

42. Defendant, Colonel Rick Fuentes, has final decision-making authority over all policy and procedures for the New Jersey State Police, including those related to use of force and the proper procedures for handcuffing, and his edicts and acts represent official policy.

43. The Plaintiff, Richard Wells, believes and therefore avers that defendant, Col. Rick Fuentes, has adopted and maintained for many years a recognized and accepted policy,

custom, and practice of condoning and/or the acquiescence in the use of excessive force by New Jersey State Troopers, subjecting citizens to the unconstitutional use of force, especially by tight handcuffing, which policy, practice and/or custom violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey.

44. The plaintiff believes and therefore avers that defendant, Col. Rick Fuentes, has adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and discipline officers, including the individual defendant, Trooper Anthony, regarding constitutional restraints on the use of force, especially in the context of handcuffing, which policy thereby violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey.

45. The defendant, Col. Rick Fuentes has been maliciously, willfully, recklessly and deliberately indifferent to the rights of citizens of the New Jersey to be free from excessive force by tight handcuffing which violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey.

46. The plaintiff believes and therefore avers, that at the time of the aforementioned incident, defendant, Col. Rick Fuentes, knew or should have known of the above described policy of the State of New Jersey, and that they deliberately, maliciously, willfully, knowingly, and recklessly failed to take measures to stop or limit the policy, including, inter alia, providing proper policies, training, supervision, and control of the officers, agents, and/or employees of the New Jersey State Police.

47. The defendant, Col. Rick Fuentes, has been willfully, maliciously, recklessly and deliberately indifferent to the rights of citizens of the State of New Jersey to be free from excessive force by tight handcuffing, which violates the plaintiff's rights under the Fourth and

Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey.

48. The plaintiff believes and therefore avers that the defendant, Col. Rick Fuentes, has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which it is claimed or suspected that officers unlawfully used excessive force by tight handcuffing during the course of a seizure, which allowed for and resulted in an encouragement to officers within the New Jersey State Troopers to continue doing the same, and created policies, practices, and/or procedures allowing officers to proceed in this manner and created an atmosphere for the allowance of such abuse of power by members of the New Jersey State Police without fear of punishment.

49. The plaintiff believes and therefore avers that the defendant, Col. Rick Fuentes, has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly train, supervise and/or discipline officers, including the named defendant State Trooper in such a way as to reduce or at least to restrain the members of the New Jersey State Police from using excessive force by tight handcuffing when making arrests; failing to establish adequate remedial training and sensitivity programs and/or psychological counseling for officers identified as potentially having problems with racial profiling; failing to issue adequate directives and/or guidelines concerning prohibitions against the use of excessive force by tight handcuffing; and failing to discipline those officers identified as having unreasonably used excessive force by tight handcuffing when making arrests, which failures were the direct cause for the existence of the alleged custom and usage of excessive force by tight handcuffing upon citizens, and specifically upon the Plaintiff, Richard Wells, by the defendants and thereby violated plaintiff's rights to protection from unreasonable force under the Fourth Amendment.

50. By failing to take action to stop or limit the policy and/or by remaining maliciously, willfully, recklessly and deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the aforementioned policy,

defendant, Col. Rick Fuentes, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey.

51. The acts of the defendant, Col. Rick Fuentes, of condoning the use of excessive force by tight handcuffing and in failing train his Troopers in the proper techniques for handcuffing was the direct and proximate cause of the violation of the Plaintiff's constitutional rights and his injuries.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff, Richard Wells, demands compensatory damages against defendant, Col. Rick Fuentes in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

RESPECTFULLY SUBMITTED,


BY: _s/ Thomas Bruno_
   THOMAS BRUNO, II, ESQUIRE